UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SOUTH DAKOTA NETWORK, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> TWIN CITY FIRE INSURANCE COMPANY CO., <br><br> Defendant. | Case: 16-CV-4031 <br><br><br> **MOTION TO STAY ENFORCEMENT OF COURT'S SEPTEMBER 22, 2017 ORDER AND MOTION TO STAY COVERAGE ACTION PENDING APPEAL AND SUPPORTING BRIEF** |

NOW COMES the Defendant, Twin City Fire Insurance Company ("Twin City"), by its attorneys, Melanie Carpenter of Woods Fuller Shultz & Smith P.C. and Michael J. Duffy and Ashley L. Conaghan of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, and for its Motion to Stay Enforcement of Court's September 22, 2017 Order and Motion to Stay Coverage Action Pending Appeal and, states as follows:

**INTRODUCTION**

South Dakota Network, LLC ("SDN") filed this action for declaratory judgment seeking a declaration that Twin City owes a duty to defend SDN in a suit filed against it by James Valley Cooperative Telephone Company ("JVCTC"), James Valley Communications, Inc., and Northern Valley Communications LLC ("NVC")(collectively referred to as "JVC") styled as *James Valley Cooperative Telephone Company et. al. v. South Dakota Network LLC et. al.*, Case No. Civ 15-000134 in Brown County, South Dakota ("*JVC* Lawsuit").

On October 12, 2016, Twin City filed a Motion for Summary Judgment. Twin City contended that it was entitled to summary judgment as a matter of law finding that Twin City

{02774637.1}
2400412v.1

has no duty to defend or indemnify SDN for the underlying *JVC* Lawsuit. (Docket No. 21, 23). SDN's opposition argued that SDN was entitled to coverage and a defense. (Docket No. 28).[1]

On September 22, 2017, this Court entered an Order denying in part Twin City's Motion for Summary Judgment. (Docket No. 40). This Court found, as a matter of law, that there was no "claim" in the 2013-2014 policy and that the Interrelated Wrongful Act provision did not bar coverage to SDN. (See, *id.*). The Court also found that a ruling on SDN's bad faith claim was premature because there was a question of fact. (See, *id.*). The Court has contacted the parties to set a trial date.

As detailed herein, Twin City requests that this Court stay enforcement of the September 22nd Order with respect to Twin City's duty to defend SDN in the *JVC* Lawsuit and stay the Coverage Action pending Twin City's appeal to the Eighth Circuit Court of Appeals.

## ARGUMENT

I. **The Court's September 22 Order is an Injunction which is Immediately Appealable Pursuant to 28 U.S.C. § 1292(a)(1).**

SDN filed a declaratory action seeking coverage regarding the terms of the Policy, and seeking a declaration that Twin City owed it a defense in the underlying *JVC* Lawsuit. (Doc. No. 1, 8). This Court found, as a matter of law, that there was no "claim" in the 2013-2014 policy and that the Interrelated Wrongful Act provision did not bar coverage to SDN. (See, Doc. No. 40). The Court's Order in effect requires Twin City to pay SDN's past defense costs and defend SDN in the *JVC* Lawsuit. This Order is injunctive in nature and is appealable as a matter of right under 28 U.S.C. § 1292(a).

---

[1] The Court granted the parties' joint motion to suspend the scheduling order while this motion was pending. (See, Docket No. 39).

2

2400412v.1

Several U.S. Circuit Courts of Appeals have specifically held that an order requiring an insurer to defend or pay defense costs in an underlying action against an insured while the coverage action is unresolved is an immediately appealable injunction under 28 U.S.C. § 1292(a)(1). *See, e.g., W Holding Co. v. AIG Ins. Co.-P.R.*, 748 F.3d 377 (1st Cir. 2014); *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660 (3d Cir. 2016); *ACE European Group, Ltd. v. Abercrombie & Fitch Co.*, 621 Fed. Appx. 338 (6th Cir. 2015); *Abercrombie & Fitch Co. v. Federal Ins. Co.*, 370 Fed. Appx. 563, 567-568 (6th Cir. 2010); *Am. Int'l Surplus Lines Ins. Co. v. City of San Diego*, 130 Fed. Appx. 91, 92 (9th Cir. 2005); *Church Mut. Ins. Co. v. Ma'Afu*, 657 Fed.Appx. 747 (10th Cir. 2016); *National Union Fire Insurance Co. v. Sahlen*, 999 F.2d 1532 (11th Cir. 1993).

In short, this Court's September 22, 2017 Order is an injunction which is immediately appealable under § 1292(a)(1) as a matter of right. Accordingly, Twin City filed a timely notice of appeal of that Order on October 16, 2017 (Docket No. 41).

**II.   This Court Should Stay Enforcement of the September 22, 2017 Injunction Order Pursuant to Federal Rule of Civil Procedure 62(c) Pending the Outcome of the Appeal.**

This Court may stay the proceedings to enforce a judgment pending an appeal. *See,* Fed. R. Civ. P. 62. In particular, Rule 62(c) grants this Court the authority to "suspend, modify, restore, or grant an injunction on terms for bond or other terms" while an appeal is pending from "an interlocutory order or final judgment that grants, dissolves, or denies an injunction. . . ." Fed. R. Civ. P. 62(c).

In deciding whether to stay an order or judgment for injunctive relief, reviewing courts weigh four factors: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public

3

interest in granting the stay. *See, Brady v. NFL,* 640 F.3d 785, 789 (8th Cir. 2011)(*citing Hilton v. Braunskill*, 481 U.S. 770, 776, (1987)); *Rosenbrahn v. Daugaard,* 61 F.Supp.3d 862, 876 (D.S.D. 2015)(J. Schreier). These factors are not requirements but considerations for the court to balance the equities. *See, Walker v. Lockhart*, 678 F.2d 68, 70 (8th Cir. 1982); *Sisney v. Kaemingk,* 2016 U.S. Dist. LEXIS 156177 *4, Case No. 15-4069 (D.S.D. Nov. 10, 2016).

As detailed herein, the foregoing factors weigh in favor of Twin City's request to temporarily stay or suspend enforcement of the Court's September 22, 2017 injunction Order requiring Twin City to defend SDN or pay SDN's defense costs in the underlying *JVC Lawsuit*, pending the appeal to the Eighth Circuit.

### A.    "Substantial Questions" Concerning the Merits Justify a Stay Pending Appeal.

The Eighth Circuit has found that the likelihood that the party seeking the stay will prevail on the merits of the appeal requirement is met if an appellant shows that there are "substantial questions." *See, Arkansas Peace Ctr. v. Arkansas Dep't of Pollution Control,* 992 F.2d 145, 147 (8th Cir. 1993)(granted stay where appellant raised substantial legal issues); *Walker v. Lockhart*, 678 F.2d 68, 71 (8th Cir. 1982)(court need not "engage in detailed analysis of [appellant's] probability of success on the merits" where there is a "substantial question"); *Rosenbrahn*, 61 F.Supp.3d at 876 ("cases with substantial difficult or novel legal issues may merit a stay"); *see also, Sweeney v. Bond,* 519 F.Supp. 124, 132 (E.D. Mo. 1981)(a stay should be granted to where the legal questions were substantial, difficult or novel and to maintain the status quo), *aff'd*, 669 F.2d 542 (8th Cir. 1982); *Abercrombie & Fitch Co. v. ACE European Group*

*Ltd.*, 2014 U.S. Dist. LEXIS 140040 *26-27, Case No. 11-cv-1114 (S.D. Ohio Sept. 30, 2014)(this requirement is met if there are "legitimate questions" to be answered).[2]

Moreover, the issue of whether the November 2013 Letter and 2013 Draft Complaint constitute "claims" under the 2013-2014 policy is a significant substantial legal question for an appeal.[3] The Eighth Circuit has found that written correspondence threatening a lawsuit if the parties' dispute was not resolved is a "claim." *See, Philadelphia Consol. Holding Corp. v. LSI-Lowery Systems, Inc.*, 775 F.3d 1072, 1077-78 (8th Cir. 2015)(emails identifying issues with insured's conduct followed by letter from claimant's counsel threatening to pursue legal remedies if the matter did not resolve constituted a "claim"); *Berry v. St. Paul Fire & Marine Ins. Co.*, 70 F.3d 981, 982 (8th Cir. 1995)(letter to insured by retained counsel outlining the claimant's injuries and suggesting discussing the matter before filing a lawsuit constituted a "claim"). Here, this Court found that no "claim" was made because the dispute at issue was resolved a few weeks later. (See, Docket No. 40 p. 14-15). There is no Eighth Circuit or South Dakota case which has held that whether a "claim" has been made is dependent upon whether the insured subjectively believes that its dispute with the opposing party has been resolved.[4] This appears to be a substantial or novel legal issue warranting a stay. *See, Rosenbrahn*, 61 F.Supp.3d at 876.

---

[2] Courts have recognized an inherent conflict for the trial judge on the first factor because no trial court is likely to find a likelihood that the trial court's ruling would be reversed. *See, e.g., Sweeney*, 519 F.Supp.at 132; *Abercrombie & Fitch Co.*, 2014 U.S. Dist. LEXIS 140040 at *26-27.

[3] The September 22, 2017 Order and interpretation of the Policy as a matter of law will be reviewed by the Eighth Circuit under a *de novo* standard. *See, Gohagan v. Cincinnati Ins. CO.*, 909 F.3d 1012, 1015 (8th Cir. 2016). Thus, the Eighth Circuit will not give deference to the District Court's opinion on whether this Court correctly applied the law or committed reversible error.

[4] The Policies' definition of "claim" is not contingent on the insured's subjective belief nor does it provide that a temporarily resolved is not a "claim" under the Policies. The 2013-2014 Policy defined "claim" in part as a "written demand for monetary or other civil relief" whereas the 2014-2015 definition stated a "claim" was "written demand for monetary or other civil non-monetary relief." (Docket No. 22, Twin City's Statement of Facts ("SOF") ¶10-11).

Further, this Court found that the Interrelated Wrongful Act provision is an exclusion relying on a decision from the Eastern District of Pennsylvania. (Docket No. 40).[5] However, numerous courts have found that interrelated acts provisions are not exclusions, but rather define the scope of coverage afforded in the first instance, *i.e.*, whether claim was first made within the policy period. *See, e.g., Reeves Cty. v. Houston Cas. Co.*, 356 S.W.3d 664, 670 (Tex. App. 2011); *Sharp Realty & Mgmt, LLC v. Capitol Specialty Ins. Corp.*, 2012 U.S. Dist. LEXIS 75353 \*\*62-64, Case No. 10-AR-3180-S (N.D. Ala. May 31, 2012), *aff'd,* 503 Fed. Appx. 704 (11th Cir. 2013); *Humane Soc. of the U.S. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 2015 U.S. Dist. LEXIS 100003, Case No. 13-1822 (D.Md. July 30, 2015); *Fin. Res. Network, Inc. v. Brown & Brown, Inc.*, 867 F.Supp.2d 153, 179 (D. Mass. 2012). The Eighth Circuit has also suggested that interrelated claims provisions are conditions, not exclusions. *See, Highwood Properties, Inc. v. Executive Risk Indem., Inc.*, 407 F.3d 917, 922 (8th Cir. 2005)("the related claims provision, however, is a condition (narrowing the scope of coverage)"). This again appears to be a substantial, novel, and/or conflicting legal issue which warrants a stay. *See, Rosenbrahn*, 61 F.Supp.3d at 876.

Twin City has a colorable argument that the *JVC* Lawsuit involves Interrelated Wrongful Acts to the November 2013 Letter and 2013 Draft Complaint, which constitute "interrelated claims" pursuant to the policy (and deemed a single claim as of the date first made) under the 2013-2014 policy, and therefore, the JVC Lawsuit is not covered. At the very least, there are

---

[5] The *Connect Am. Holdings, LLC v. Arch Ins. Co.*, 174 F.Supp.3d 894, 901-02 (E.D. Penn. 2016), case interpreted the application of the Pending and Prior Litigation and Prior Acts exclusions which contained an "interrelated wrongful act" term. This is unlike the Interrelated Wrongful Act provision in the policies in this case which are conditions and provisions which define and explain the scope of the coverage offered.

6

"substantial questions" regarding coverage which warrant a temporary stay of the enforcement of the September 22, 2017 injunction Order pending Twin City's Appeal.

### B. Staying Enforcement of the Order Prevents Irreparable Harm to Twin City.

Requiring Twin City to defend SDN or pay defense costs would irreparably harm Twin City because there is no guarantee that SDN can or will repay those costs if Twin City is successful on appeal. *See, SPV-LS, LLC v. Transamerica Life Ins. Co.*, 2017 U.S. Dist. LEXIS 134971 *21 fn. 3 (D.S.D. Aug. 23, 2017)(threat of unrecoverable economic loss is irreparable harm); *Abercrombie & Fitch Co.*, 2014 U.S. Dist. LEXIS 140040 at *27 (finding that insurer would suffer irreparable harm if required to assume insured's defense while appeal was pending); *In re Tower Automotive, Inc.*, 2007 U.S. Dist. LEXIS 49282 *5, Case No. 06 Civ 2105 (S.D.N.Y. July 6, 2007)(scenario where insurer may not be able to recover defense costs is irreparable injury); *HLTH Corp. v. Axis Reinsurance Co.*, 2010 Del. Super. LEXIS 4 *10, Case No. 07C-09-102 RRC (Del. Sup. Ct., Jan. 7, 2010)(unpublished)(stayed enforcement of order to advance defense costs pending appeal because if the decision is reversed, insurer "would be left in the position of potentially undergoing further litigation to recover the defense costs that were not required to have been paid"); *c.f. Baker Elec. Coop. v. Chaske*, 28 F.3d 1466, 1473 (8th Cir. 1994)(threat of unrecoverable economic loss is irreparable harm).

Moreover, Twin City could be deprived of its right to contest the reasonableness of SDN's defense costs if the Court enforces the Order. The Twin City Policies only require that Twin City is to pay ***reasonable and necessary*** legal fees and expenses for the defense of a covered claim. (*See,* Docket No. 22-1 p. 34). The reasonableness of the defense costs requires further inquiry and may present a factual question. *See, IBP, Inc. v. Nat'l Union Fire Ins. Co.*, 299

7

F.Supp.2d 1024, 2031-32 (D.S.D. 2003)(whether insured's defense costs in underlying action were "reasonable and necessary" as required under the policy was a factual question). Twin City should not be required to pay the defense costs for SDN's choice of counsel given the uncertainty as to whether Twin City would be responsible for the defense costs and whether those fees are reasonable.

### C. Staying Enforcement of the Order Preserves the *Status Quo* and Does not Substantially Harm SDN.

A stay should be granted when it preserves the *status quo*. *See, Walker v. Lockhart*, 678 F.2d 68, 70 (8th Cir. 1982); *Sisney v. Kaemingk*, 2016 U.S. Dist. LEXIS 156177 *6, Case No. 15-4069 (D.S.D. Nov. 10, 2016).

Here, a stay would do exactly that. SDN is defending the underlying *JVC Lawsuit* by its choice of counsel. SDN has controlled and continues to defend itself. Twin City is a solvent party and fully able to reimburse SDN the costs of its defense if the Eighth Circuit ultimately determines on appeal that Twin City has a duty to defend SDN in the *JVC* Lawsuit. Requiring SDN to pay the costs of its chosen counsel until Twin City's defense obligation is resolved on appeal is fair, equitable and does not prejudice SDN. In other words, staying enforcement would maintain the *status quo* in that SDN will continue to fund and control its defense pending the Eighth Circuit's ruling on the duty to defend. *See, Abercrombie & Fitch Co.*, 2014 U.S. Dist. LEXIS 140040 at *28 (no harm to staying enforcement of a duty to defend order where insured, who had been defending underlying action, because if the Appellate Court affirms the ruling, the insured will be reimbursed). Therefore, SDN will not suffer substantial harm or prejudice should this Court stay enforcement of its September 22, 2017 injunction Order.

### D. Public Interest Favors a Stay.

Finally, the public interest factor weighs in favor of a stay. Public interest favors that parties pay only those amounts for which they are legally responsible. Here, there is a substantial risk that Twin City will be forced to pay SDN for defense expenses that are later proven to be unreasonable or entirely uncovered. However, Twin City's potential ability to recoup any payments from SDN based on Twin City's standing as an unsecured creditor, is questionable at best. Public interest favors staying enforcement of the Court's injunction Order until Twin City's legal obligation to defend SDN and pay defense costs under the Policy is resolved by the Eighth Circuit. *See, Abercrombie & Fitch Co.,* 2014 U.S. Dist. LEXIS 140040 at *29 (finding that public interest favors requiring parties to pay only once it is determined that they are legally responsible and it was equitable to allow the appellate court to confirm the legal issues). This Court should not enforce its Order before the Court of Appeals has an opportunity to decide this issue.

### III. This Court Should Stay the Coverage Litigation in its Entirety Pending a Ruling of the Coverage Issues on Appeal.

Twin City moves to stay the coverage litigation in its entirety pending the Eighth Circuit's ruling on Twin City's appeal. The remaining pending issues before this Court are Twin City's duty to indemnify and SDN's bad faith claim based on whether Twin City conducted a reasonable investigation to reconsider its decision to deny a defense to SDN. Without a stay, a possibility exists that the parties in this case would have to endure multiple trials thereby creating additional and unnecessary work and fees by the parties and an unnecessary use of judicial and administrative resources. A stay would promote judicial economy and avoid undue hardship to Twin City and it does not prejudice SDN.

2400412v.1

This Court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the cause on its docket with economy of time for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013), quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. Courts often consider the interests of judicial economy, the hardship and inequity to the moving party, and prejudice to the non-moving party. *See, Karsjens v. Piper*, 2017 U.S. Dist. LEXIS 68443 **14-15, Case No. 11-3659 (D. Minn. May 3 2017); *Buie v. Blue Shield of Kan. City, Inc.*, 2005 U.S. Dist. LEXIS 35783 (W.D. Mo. Sept. 13, 2005).

### A. Judicial Economy Favors a Stay Because The Issue of Whether there is Indemnity Coverage is Unripe And The Eighth Circuit's Decision May Moot the Remaining Coverage Issues.

Judicial economy would be served by staying the appeal. It is possible that all of the remaining coverage issues might be resolved on appeal. In other words, the Eighth Circuit's decision may moot the indemnity and bad faith issues.

Should the Eighth Circuit rule that Twin City does not have a duty to defend SDN in the underlying *JVC* Lawsuit, this compels a ruling that Twin City does not have a duty to indemnify SDN. *See, Emcasco Ins. Co. v. Diedrich*, 394 F.3d 1091, 1098 (8th Cir. 2005)(because there was no duty to defend, insurer also had no duty to indemnify); *N. Star Mut. Ins. v. Korzan*, 2015 SD 97, ¶29 (S.D. 2015)(because exclusion precluded a duty to defend, court properly ruled that insurer had no duty to indemnify the insured). Similarly, if the Eighth Circuit rules in favor of Twin City finding that it does not have a duty to defend, SDN's bad faith claim also fails as a matter of law.

10

*See, Hanson v. North Star Mut. Ins. Co.*, 71 F.Supp.2d 1007, 1009, 1013 (D.S.D. 1999)(granting summary judgment on bad faith claim where policy provided no coverage); *Swenson v. Auto Owners Ins. Co.*, 831 N.W.2d 402, 412, 2013 S.D. 38 ¶32 (S.D. 2013)(bad faith claim failed as a matter of law where no duty to defend existed).

Even if there was no appeal, a stay is proper as to the issue of indemnity coverage because the duty to indemnify is not yet ripe because the underlying *JVC* Lawsuit remains pending.[6] This is because the duty to pay depends on the actual facts in the underlying case. *See, St. Paul Fire & Marine Ins. Co. v. Engelmann*, 2002 SD 8, ¶8, 21 (S.D. 2002). No judgment or settlement has taken place in the underlying *JVC* Lawsuit. It remains pending.[7] Thus, this Court cannot make any rulings in favor of SDN as respects any indemnity obligations until the underlying suit is resolved. *See, De Smet Farm Mut. Ins. Co. of SD v. Gulbranson Dev. Co.*, 2010 SD 25, ¶30, 779 N.W.2d 148, 158 (S.D. 2010)(because there was no judgment in the underlying action, court could not consider issue of indemnity in favor of the insured). Therefore, at the very least, this issue must be stayed until the underlying *JVC* Lawsuit is resolved by either a judgment or settlement. *See, Cincinnati Ins. Co. v. Pro Enters, Inc.*, 394 F.Supp.2d 1127, 1133 (D.S.D. 2005)(after finding insurer had duty to defend, court stayed the remaining indemnity coverage issues in the declaratory judgment action pending resolution of the underlying case); *Wells Dairy, Inc. v. Travelers Indem. Co.*, 241 F.Supp.2d 945, 975 (D. Iowa 2003)(stayed coverage

---

[6] SDN's counsel has acknowledged this issue. The parties, in their initial planning session, had proposed a separate date for remaining issues in the case based on the then anticipated scheduling of the trial in the underlying lawsuit. (See, Docket No. 16 p. 5-6).

[7] According to the Register of Actions in state court, it appears a trial date is set for March 2018. However, SDN filed a Notice of Removal to the United States District Court for the District of South Dakota on August 30, 2017 which is apparently being contested by the underlying plaintiffs. (See, Case No. 17-cv-01022-RAL, Docket No. 1, 17-18).

11

action on indemnity defenses because it turned on facts in underlying case).[8] Moreover, it would be a waste of judicial resources to only have part of the coverage action stayed. Since the indemnity issue must be stayed regardless of an appeal, it makes sense to stay SDN's bad faith claim and conduct discovery and a trial, if necessary, all at one time.

The Eighth Circuit's ruling will impact the ultimate disposition of the coverage litigation in this Court. It would be a waste of this Court's judicial resources to move this case forward to trial on issues that might be resolved on appeal. Accordingly, a stay of the entire coverage case pending the appeal would serve the interests of judicial economy and efficiency. *See, Rosenbauer Am. LLC v. Advantech Serv. & Parts LLC,* 437 F.Supp.2d 1081, 1084 (D.S.D. 2006)(granting stay to conserve judicial resources because decision by another court would render the proceeding moot).

**B.   A Stay Will Not Prejudice SDN and Will Prevent Hardship and Inequity to Twin City.**

Under these circumstances, SDN will not be prejudiced if this Court temporarily stays the coverage litigation in its entirety pending the appellate process. SDN can continue to control its own defense in the underlying *JVC* Lawsuit. A stay of coverage litigation will benefit SDN from having to incur the time and expense associated with discovery, motion practice and/or trial on coverage issues in this Court which might be altogether moot depending on the outcome of the appeal. *See, Rosenbauer Am. LLC,* 437 F.Supp.2d at 1084. Without a stay, Twin

---

[8] The same is not true for an insurer. An insurer can seek a declaration that it owes no duty to defend or indemnify the insured. This is because the duty to defend is broader than the duty to indemnify. *See, N. Star Mut. Ins. v. Korzan,* 2015 SD 97 ¶¶13, 29 (S.D. 2015). A finding that there is no duty to defend requires a finding that there is no duty to indemnify. *Id.* To the contrary, a ruling that there is a duty to defend is a finding there is a potential for indemnity which depends on the outcome of the underlying suit.

12

City may be forced to litigate on two fronts and incur needless time and expense on issues that might be rendered moot on appeal. Thus, a stay prevents hardship and inequity for Twin City.

WHEREFORE, Twin City respectfully requests that this Court grant Twin City's motion to (1) stay enforcement of the Court's September 22, 2017 Order and (2) stay the coverage litigation in its entirety pending the outcome of Twin City's appeal to the Eighth Circuit.

Dated this 16th day of October, 2017.

WOODS, FULLER, SHULTZ & SMITH, PC

By /s/ Melanie Carpenter
Melanie Carpenter
300 S. Phillips Avenue, Suite 300
PO Box 5027
Sioux Falls, SD 57117-5027
Phone (605) 336-3890
Fax (605) 339-3357
Email: Melanie.carpenter@woodsfuller.com

and

Michael J. Duffy
Ashley L. Conaghan
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
55 W. Monroe St., Ste. 3800
Chicago, IL 60603-5001
Phone (312) 704-0550
Fax (312) 704-1522
michael.duffy@wilsonelser.com
Ashley.conaghan@wilsonelser.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of October, 2017, I electronically filed the foregoing Motion to Stay Enforcement of Court's September 22, 2017 Order and Motion to Stay Coverage Action Pending Appeal and Supporting Brief with the Clerk of Court using the CM/ECF filing system which will automatically send email notification to the following:

| | |
|---|---|
| Meredith A. Moore<br>Ryan J. Taylor<br>Jonathan A. Heber<br>Cutler Law Firm, LLP<br>100 N. Phillips Ave., 9th Floor<br>PO Box 1400<br>Sioux Falls, SD 57101-1400<br>meredithm@cutlerlawfirm.com<br>ryant@cutlerlawfirm.com<br>jonathanh@cutlerlawfirm.com<br>Attorneys for Plaintiff | Robert C. Riter, Jr.<br>Darla Pollman Rogers<br>Margo D. Northrup<br>Riter, Rogers, Wattier & Northrup, LLP<br>319 S. Coteau<br>PO Box 280<br>Pierre, SD 57501-0280<br>r.riter@riterlaw.com<br>dprogers@riterlaw.com<br>m.northrup@riterlaw.com<br>Attorneys for Plaintiff |

_____
One of the Attorneys for Defendant